# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-61451-KMM

MARTINE SEVERE-SMITH,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1] *Acting Commissioner of Social Security*, *et al.*,

    Defendants.
_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs, ("Application") (ECF No. 3), filed by *pro se* Plaintiff Martine Severe-Smith in connection with the Complaint for Review of a Social Security Disability or Supplemental Security Income Decision, ("Complaint") (ECF No. 1). The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters. (ECF No. 4). Upon review of the Application, having screened the Complaint under 28 U.S.C. § 1915(e), and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that Plaintiff's Complaint (ECF No. 1) be **DISMISSED without prejudice** and with leave to amend, and that the Application (ECF No. 3) be **DENIED without prejudice**.

---

[1] Incorrectly sued herein as "Kiloko Kijakazi".

**I.     BACKGROUND**

Plaintiff Martine Severe-Smith, proceeding *pro se*, brings this action against Defendants Acting Commissioner of Social Security Kilolo Kijakazi ("Acting Commissioner"), Harold F. Prior, John Wilson, and Judge R. Ortiz-Valero, seeking review of a purported final decision of the Acting Commissioner, rendered on June 17, 2022.  Plaintiff requests that the Court modify the Acting Commissioner's decision and grant monthly maximum insurance benefits, retroactive to the date of initial disability.  (ECF No. 1 at 3).

In the Complaint, Plaintiff asserts she has not received documentation from the Acting Commissioner in connection with the purported June 17, 2022, final decision.  (*Id.*).  The June 17, 2022 Order of Appeals Council attached to the Complaint states that the Appeals Council "has received additional evidence which it is making part of the record." (ECF No. 1-1 at 1).  The Order of Appeals Council identifies this evidence as "Exhibit 12B Request for Review of Hearing Decision, received December 31, 2021." (*Id.*).

Plaintiff has also attached two letters to the Complaint.  In the first letter, dated July 18, 2022, Plaintiff writes that she appeals from the June 17, 2022 decision of Administrative Law Judge ("ALJ") Richard Ortiz Valero[2] and that Plaintiff has not heard from the Acting Commissioner.  Plaintiff's July 18 letter explains that the domestic violence she survived, being fired from her job, and her family circumstances (including her relationship with her children), caused her significant stress and anxiety that has manifested in physical symptoms, insomnia, memory loss, and an inability to focus and maintain attention.  Plaintiff's letter further explains that she developed suicidal thoughts and was detained pursuant to Florida's Baker Act.  In her first letter, Plaintiff asserts that she cannot work, and that psychiatrists and neurologists have opined

---

[2]  The letters attached to the Complaint refer to ALJ Ortiz Valero as a Magistrate Judge.

2

that her condition will not improve. In her second letter, dated July 26, 2022, Plaintiff expands upon the circumstances described in the first letter. Plaintiff also notes that the ALJ "denied [her]." (ECF No. 1-1 at 4).

In connection with the Complaint, Plaintiff also filed the Application, wherein she seeks permission to proceed *in forma pauperis*. While Plaintiff's Application is difficult to follow due to its legibility, it largely tracks Plaintiff's two letters. (ECF No. 3 at 3).

**I.     LEGAL STANDARD**

Under 28 U.S.C. § 1915(e), "court[s] shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," notwithstanding any filing fee or portion thereof that may have been paid. 28 U.S.C. § 1915(e)(2)(B); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, *prisoners and non-prisoners alike*.") (emphasis added). Permission to proceed *in forma pauperis* "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

The standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal under Rule 12(b)(6) is appropriate when the facts as pled do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009). In addition, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989), when the claims rely on "clearly baseless" factual allegations,

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992), or when the plaintiff ostensibly has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotations and citations omitted). In determining whether to dismiss a *pro se* plaintiff's complaint, the allegations are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a plaintiff is not held to a high standard in a motion to dismiss for failure to state a claim, the Federal Rules require "a short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds it rests upon. *See* Fed. R. Civ. P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Moreover, "[u]nder § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Although district courts must liberally construe *pro se* pleadings, courts are not required to rewrite complaints to create a viable cause of action where one does not otherwise exist. *GJR Invs. v. County of Escambia*, 132 F. 3d 1359, 1369 (11th Cir. 1998).

"Although not enumerated as a basis for dismissal under § 1915(e)(2)(B), a complaint must nonetheless be dismissed where a court is without subjection matter jurisdiction." *Pierre v. Comm'r of Soc. Sec.*, No. 11-62408-CIV, 2012 WL 1066811, at *2 (S.D. Fla. Mar. 16, 2012), *report and recommendation adopted*, No. 11-62408-CIV, 2012 WL 1060154 (S.D. Fla. Mar. 28, 2012). "Federal courts are courts of limited jurisdiction. They possess only that power authorized

4

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). To that end, the Court is obligated to inquire into the question of its jurisdiction over cases brought before it. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II. DISCUSSION

First, the Complaint must be dismissed because the Court lacks jurisdiction. The jurisdictional basis for judicial review in Social Security matters is provided in 42 U.S.C. § 405(g) as follows:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). A final decision under § 405(g) "most naturally suggests . . . an ALJ hearing on the merits." *Smith v. Berryhill*, 139 S. Ct. 1765, 1775 (2019). A plain reading of the statutory language indicates that judicial review only follows after a plaintiff has undertaken efforts to exhaust all avenues of administrative review. The administrative review process includes: (1) the initial determination; (2) a request for reconsideration; (3) a hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 405.1(b). The claimant may then request judicial review of the Commissioner's final decision by filing an action in federal district

court within sixty days after receiving notice of the Appeals Council's action. *See* 20 C.F.R. § 422.210.

"Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Stillings v. Kijakazi*, No. 8:21-CV-1358-VMC-AAS, 2021 WL 6053921, at *2 (M.D. Fla. Dec. 6, 2021), *report and recommendation adopted*, No. 8:21-CV-1358-VMC-AAS, 2021 WL 6052281 (M.D. Fla. Dec. 21, 2021) (citing *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (internal quotation marks omitted)).

The Court finds that Plaintiff fails to seek review of a final decision of the Commissioner. While a broad reading of the materials attached to the Complaint suggests that Plaintiff was denied benefits, it is not clear that Plaintiff has exhausted the administrative review process. Here, the Complaint states that Plaintiff seeks review of a decision of the Commissioner of the Social Security Administration. (ECF No. 1 at 2). However, Plaintiff did not attach that decision to the Complaint. Rather, Plaintiff attached a June 17, 2022 Order of Appeals Council to the Complaint that states only the Appeals Council has received additional evidence that it is making part of the record. Moreover, examination of the Complaint and the materials attached thereto does not reveal what relief Plaintiff sought from the Appeals Council, let alone that the Appeals Council has even rendered a final decision susceptible to this Court's review pursuant to § 405(g).

Accordingly, because the Complaint does not unambiguously establish that Plaintiff has exhausted the administrative review process, the Court lacks jurisdiction over this social security matter and the matter should be dismissed. *See Pierre*, 2012 WL 1066811, at *3 (recommending

dismissal for lack of subject matter jurisdiction where the plaintiff alleged "only that he ha[d] been 'denied benefits for possible disability by U.S. Security Administration,'" and "failed to allege that the Commissioner's decision denying such benefits was final after a hearing to which [p]laintiff was a party").

Second, the Court finds that Defendants Harold F. Prior, John Wilson, and Judge R. Ortiz-Valero must be dismissed from this action because they are not proper defendants. "The law is clear that the Commissioner of Social Security is the only proper defendant in an action challenging the denial of Social Security benefits." *Anderson v. Stalley*, No. CV 15-00617-WS-B, 2017 WL 989301, at *4 (S.D. Ala. Feb. 15, 2017), *report and recommendation adopted*, No. CV 15-00617-WS-B, 2017 WL 987459 (S.D. Ala. Mar. 14, 2017) (quoting 20 C.F.R. § 422.210) (dismissing claims against administrative law judge in social security matter).

Third, the Court finds that the Application to proceed *in forma pauperis* is deficient. The first page of Plaintiff's Application consists of the first page of the form Application to Proceed in District Court Without Prepaying Fees or Costs.[3] (ECF No. 3 at 1). The remainder of Plaintiff's Application consists of pages 2 through 4 of the form *pro se* Complaint for Review of a Social Security Disability or Supplemental Security Income Decision.[4] Accordingly, the Application should be denied without prejudice to refile.

### III.  RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that:

(1) Plaintiff's Complaint (ECF No. 1) should be **DISMISSED without prejudice** and with leave to amend to address the deficiencies identified above;

---

[3] That is, the first page of Plaintiff's Application is the first page of Form AO 239 (Rev. 01/15).
[4] That is, pages 2 through 4 of Form Pro Se 13 (Rev. 12/16).

  (2) All claims against Defendants Harold F. Prior, John Wilson, and Judge R. Ortiz-Valero should be **DISMISSED with prejudice**; and,

  (3) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) should be **DENIED without prejudice** to refile.

  A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

  **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 21st day of October, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore

   Martine Severe-Smith
   2921 SW 174th Way
   Miramar, FL 33029
   PRO SE